IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINAL PRASAD,

    Petitioner,                     No. 2:09-cv-0980-FCD-JFM (HC)

    vs.

JAMES A YATES, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the ground that this action is barred by the statute of limitations.[1]

    Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This court heard oral argument on the motion on November 20, 2003. Robert Bruce Lindsay, Esq., appeared as counsel for petitioner. Harry Joseph Colombo, Deputy Attorney General, appeared as counsel for respondent.

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the instant motion, the relevant chronology of this case is as follows:

1.  Petitioner was convicted on June 28, 2006.

2.  On October 11, 2007,the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction.

3.  On January 3, 2008, the California Supreme Court denied review.

4.  On January 10, 2008, the Clerk/Administrator of the California Court of Appeal for the Third Appellate District issued a remittitur to the trial court clerk, certifying that a copy of an attached opinion was "a true and correct copy of the original opinion entered in the above entitled cause that has now become final."  Ex. A to Petitioner's Response to Respondent's Motion to Dismiss, filed July 31, 2009.

5.  On April 10, 2009, petitioner filed the instant action.

The new one year statute of limitations began to run against petitioner when the ninety day period expired for filing a petition for writ of certiorari in the United States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The first of two disputes on

1  the instant motion is whether that ninety day period commenced with the filing of the California
2  Supreme Court's order denying direct review or with the issuance of the remittitur by the
3  Clerk/Administrator of the California Court of Appeal for the Third Appellate District.  Pursuant
4  to California Rule of Court 8.532(b)(2)(A), the California Supreme Court's order denying
5  petitioner's petition for review was final when it was filed on January 3, 2008.  Accordingly, the
6  ninety day period to file a petition for writ of certiorari commenced that day and expired on April
7  2, 2008.  The federal limitation period began to run the next day, see Patterson v. Stewart, 251
8  F.3d 1243, 1246 (9th Cir. 2001), and expired one year later, on April 3, 2009.  Petitioner did not
9  file the instant action until a week after the limitation period expired.

10          Petitioner contends that he is entitled to equitable tolling of the limitation period
11  because his counsel reasonably interpreted the remittitur as establishing the date his conviction
12  became final.  Counsel's interpretation was incorrect and does not provide a basis for equitable
13  tolling of the limitation period.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir.2001), *cert. denied*,
14  535 U.S. 1055 (2002).

15          In accordance with the above, IT IS HEREBY RECOMMENDED that:
16          1.  Respondent's June 26, 2009 motion to dismiss be granted; and
17          2.  This action be dismissed as barred by the statute of limitations.
18          These findings and recommendations are submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
20  after being served with these findings and recommendations, any party may file written
21  objections with the court and serve a copy on all parties.  Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
23  shall be served and filed within ten days after service of the objections.  The parties are advised
24  /////
25  /////
26  /////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 11, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
pras0980.mtd